IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THE ESTATE OF MALGA HARUN YANGA by Co-Administrators HARUN YANGA MALGA and SARA NIMIR JACKA,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF IOWA; NICHOLAS KUIPER, D.O.; CHASE NEWTON, D.O.; RHONDA LANSWER; KELLY BECK; DAVID TATE, Individually and in His Official Capacity; KATHLEEN FINDLEY, Individually and in Her Official Capacity; JONATHAN WOLBERT, Individually and in Her Official Capacity; CLAYTON HALBERSTADT, Individually and in His Official Capacity,<br><br>Defendants. | No. 4:26-cv-00345-SHL-SBJ<br><br>**ORDER DENYING MOTION TO REMAND AND MOTION FOR VOLUNTARY DISMISSAL** |

When a plaintiff amends a state court pleading to add federal claims for the first time, 28 U.S.C. § 1446(b)(3) gives the defendant(s) thirty days to remove the case to federal court. The question here is whether the thirty-day clock starts running when the plaintiff files the motion for leave to amend in state court, or not until the state court *grants* that motion. The Court concludes it is the latter and thus that Defendants timely removed this case. The Court further concludes that Plaintiffs are not entitled under Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss the case because it is clear, in context, that Plaintiffs are simply forum shopping. The Court therefore DENIES Plaintiffs' Motion for Remand or Rule 41(a)(2) Dismissal Without Prejudice. (ECF 5.)

## I. BACKGROUND.

Plaintiffs filed this wrongful death action in November 2025 in the Iowa District Court for Jasper County following the death of Malga Harun Yanga while in custody in the Newton Correctional Facility. (ECF[1] 1-1, p. 1.) Originally, Plaintiffs brought three state-law negligence claims, one against each of three individual Defendants: Eric Rankin, Penny Daniels, and David Arterburn. (Id., pp. 6–8.) These Defendants answered Plaintiffs' original pleading in December 2025. (Id., p. 55.) In late January 2026, the state court issued an Order Setting Trial and Approving

[1] All references to "ECF __" are to the relevant docket entry on the Electronic Case Filing system.

Plan that, among other things, incorporated a Trial Scheduling and Discovery Plan prepared by the parties. (Id., p. 69.) On March 9, 2026, Plaintiffs filed their First Amended Petition at Law and Jury Demand adding the State of Iowa as a Defendant, presumably in response to a filing from the Iowa Attorney General's Office to the effect that Defendants Rankin, Daniels, and Arterburn "were employees of the State of Iowa acting within the scope of their employment" in connection with the relevant events alleged by Plaintiffs. (Id., pp. 74, 76–85.) Plaintiffs continued to allege only the three state-law negligence claims, one against each of Rankin, Daniels, and Arterburn. (Id., pp. 81–85.) These Defendants (plus the State of Iowa) answered the amended pleading on March 19, 2026. (Id., pp. 86–97.)

On June 26, 2026, Plaintiffs filed a Request for Leave to Amend Their Petition (the "Request for Leave"), which attached a copy of the proposed amended pleading. (Id., pp. 98–100.) Plaintiffs captioned their proposed amended pleading as the "First Amended Petition at Law and Jury Demand," although this presumably was done in error, as it would have been the *Second* Amended Petition at Law and Jury Demand. For simplicity, this Order will refer to the proposed pleading as the "Second Amended Petition." The Second Amended Petition proposed to add numerous claims and defendants,[2] including, as relevant here, claims against Defendants David Tate, Kathleen Findley, Jonathan Wolbert, Maria Lopez, and Clayton Halberstadt for deliberate indifference to medical needs under 42 U.S.C. § 1983. (Id., pp. 128–144 (Counts Thirteen through Seventeen).)

The Request for Leave stated that Plaintiffs provided a draft copy of the Second Amended Petition to defense counsel but did not yet know whether Defendants would consent. (Id., p. 99 ("[T]heir position is unclear.").) Defendants later decided to resist the Request for Leave. (Id., p. 146.) The state court scheduled a hearing on August 4, 2026 (id., p. 148), the scope of which was later expanded to include a motion to compel discovery later filed by Plaintiffs. (Id., p. 150.) The state court ended up granting the Request for Leave in an Order dated August 5, 2026. (Id., pp. 152–53.) The Order stated, among other things, that "Defendants acknowledge that the Plaintiffs could dismiss this case and refile as the statute of limitations does not run until September 4, 2026." (Id., p. 153.)

---

[2] For unknown reasons, the case caption used by the parties does not include Rankin, Daniels, and Arterburn. (See, e.g., ECF 1-1, p. 101.) Based on the substance of the Second Amended Petition, it seems clear that Plaintiffs are continuing to pursue claims against those three Defendants, along with others. (See, e.g., id., pp. 115–120.)

On August 17, 2026, Defendants filed a Notice of Removal to this (federal) Court, asserting that federal question jurisdiction exists with respect to the § 1983 claims and supplemental jurisdiction exists with respect to the remaining state law claims. (ECF 1, p. 2.) On August 18, 2026, Plaintiffs filed a "Notice of Voluntary Dismissal" purporting to dismiss the case without court order pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). The Court refused to permit voluntary dismissal because "some defendants filed answers in state court before the case was removed. Accordingly, it does not appear that voluntary dismissal without court order is appropriate unless there is 'a stipulation of dismissal signed by all parties who have appeared.'" (ECF 4 (quoting Fed. R. Civ. P. 41(a)(1)(A)(ii).) On August 24, 2026, Plaintiffs filed their "Motion for Remand or Rule 41(a)(2) Dismissal Without Prejudice." (ECF 5.) Defendants resist. (ECF 7.)

## II. LEGAL ANALYSIS.

### *A. Governing Legal Standard.*

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state to federal court if the action could have been brought in federal court originally. *Markham v. Wertin*, 861 F.3d 748, 753–54 (8th Cir. 2017). Removal "is permitted as long as at least one claim falls within the original jurisdiction of the federal court." *Minnesota v. Am. Petrol. Inst.*, 63 F.4th 703, 709 (8th Cir. 2023). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). If the federal court does not have subject matter jurisdiction, a plaintiff may move to remand the case to state court. *See* 28 U.S.C. § 1447(c)). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015) (quoting *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011)).

### *B. The Motion to Remand Is Denied Because Defendants Did Not Improperly Remove the Case to Federal Court.*

Plaintiffs do not dispute that the case became removable following the addition of § 1983 claims in the Second Amended Petition. They do, however, argue that Defendants did not meet the thirty-day deadline in 28 U.S.C. § 1446(b)(3). In Plaintiffs' view, the thirty-day clock started running when they attached the proposed Second Amended Petition to their Request for Leave on June 26, 2026. Plaintiffs argue that Defendants knew on that date that the case was removable, and thus the thirty-day clock ran out in late July 2026, several weeks before the filing of the Notice of

Removal. Plaintiffs further argue that Defendants filed the Notice of Removal in bad faith because (a) there were pending disputes in state court that the Notice of Removal did not mention, and (b) the Notice of Removal did not attach all pleadings and orders from the state court case.

The Eighth Circuit has held that the thirty-day clock begins to run when the defendant can "unambiguously ascertain" that the requirements for federal jurisdiction have been satisfied. *See Gibson v. Clean Harbors Env'tl Servs., Inc.*, 840 F.3d 515, 519 (8th Cir. 2016). Some district courts have concluded that a case may become removable when the plaintiff files a motion for leave to amend in state court to add federal claims, even if the motion has not yet been granted. *See, e.g.*, *Schuessler v. Fort Madison Comm. Sch. Dist.*, 3:17-cv-00039, 2018 WL 10345327, at *4–5 (S.D. Iowa Mar. 23, 2018); *Webster v. Sunnyside Corp.*, 836 F. Supp. 629, 630 (S.D. Iowa 1993). Others have concluded that the case does not become removable until and unless the motion for leave to amend is granted. *See, e.g.*, *Owings v. Deere & Co.*, 441 F. Supp. 2d 1011, 1014 (S.D. Iowa 2006) ("The majority of courts that have considered the effect of a motion to amend a petition filed in state court have concluded that such a motion does not commence the thirty-day deadline for filing a notice of removal in federal court.").

*Owings* has it right. Until and unless the proposed amended pleading with the new federal claim becomes the *actual* pleading, there is no federal question at issue and thus no removal jurisdiction. In the Seventh Circuit's words, "[u]ntil the state judge granted the motion to amend, there was no basis for removal. Until then, the complaint did not state a federal claim. It might never state a claim, since the state judge might deny the motion." *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998); *see also Intellisoft, Ltd. v. Acer Am. Corp.*, 955 F.3d 927, 934 (Fed. Cir. 2020) ("Courts have held that a claim is 'brought' under section 1441 only after the claim supporting federal jurisdiction is pleaded in an operative complaint as opposed to a proposed amendment."); *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 410 (6th Cir. 2008) ("[R]emoval before the state court actually amends the complaint may have the anomalous effect that the removed case lacks federal jurisdiction at the time that it is removed."). It follows that it is not "unambiguously certain" that the case is removable merely because the plaintiff files a motion for leave to amend in state court. *See Gibson*, 840 F.3d at 519.

Although the Eighth Circuit has not decided this precise issue, the Court is confident it would follow the holdings of the Sixth, Seventh, and Federal Circuits. For starters, the United States Supreme Court has repeatedly and consistently recognized that "[f]ederal courts are courts

of limited jurisdiction and generally can resolve only the cases that Congress grants them the power to hear." *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 424 (2026); *accord, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Eighth Circuit of course adheres to this crucial principle of federalism. *See, e.g.*, *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 328 (8th Cir. 2016). The principle would be undermined if federal courts exercised jurisdiction over a case even though the operative pleading in state court did not yet contain a federal question. *See Sullivan*, 157 F.3d at 1094. Indeed, had Defendants tried to remove here before the state court ruled on Plaintiffs' Request for Leave, the Court would have felt compelled to *sua sponte* remand for lack of subject matter jurisdiction. *See, e.g.*, *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) ("It is well established that a [federal] court has a special obligation to consider whether it has subject matter jurisdiction in every case.").

Moreover, the Eighth Circuit has expressed a preference for "bright-line approach[es]" when determining the existence of removal jurisdiction. *See Gibson*, 840 F.3d at 520. This way, parties and courts have clarity about whether and when a case is removable. *Id.* Here, under the approach employed in cases like *Schuessler* and *Webster*, federal courts must make judgment calls about whether a state court judge was likely to grant a proposed motion for leave to amend under state rules of procedure. This leads to precisely the type of uncertainty the Eighth Circuit wants to avoid. *Id.* By contrast, under *Owings* and the appellate court cases cited above, there is no uncertainty or judgment calls. Once the motion for leave to amend is granted, the thirty-day clock starts to run. Prior to that time, it does not. *See Sullivan*, 157 F.3d at 1094.

Because Defendants filed their Notice of Removal within thirty days of the state court order granting Plaintiffs' Request for Leave, federal removal jurisdiction exists. The Motion to Remand is therefore DENIED.

*C. Plaintiffs Have Not Established Sufficient Grounds for Dismissing the Case Voluntarily Without Prejudice Under Fed. R. Civ. P. 41(a)(2).*

Plaintiffs ask, in the alternative to remand, that the Court exercise its discretion under Fed. R. Civ. P. 41(a)(2) to permit them to dismiss their case voluntarily without prejudice. Although they do not explicitly say so, Plaintiffs' intentions are clear: they plan to file the case anew in state court to re-start an expert disclosure deadline that has arguably lapsed. This intention is obvious from the fact that Plaintiffs need an expedited ruling on this motion "[b]ased upon the approaching statute of limitations which is as early as September 2, 2026." (ECF 5, p. 3.) There is no reason why Plaintiffs would dismiss the case with the intention of immediately re-filing it a few days later

other than to gain a perceived procedural advantage under state procedural rules. *See Victoriano v. City of Waterloo*, 984 N.W.2d 178, 180–81 (Iowa 2023) (holding that plaintiffs have nearly unfettered discretion to voluntary dismiss and re-file under state law).

"[A] party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213 (8th Cir. 2011) (quoting *Hamm v. Rhone–Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)). Here, after making their case removable by adding federal claims, Plaintiffs want to use Fed. R. Civ. P. 41(a)(2) as a vehicle to allow them to re-file in state court so they can take advantage of what they view as more favorable procedural terrain. *See Victoriano*, 984 N.W.2d at 180–81. This is a quintessential example of the type of forum-shopping that cases like *Thatcher* say is not an appropriate basis for voluntary dismissal under Fed. R. Civ. P. 41(a)(2). *See* 659 F.3d at 1213; *see also Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013). It does not matter that there were ongoing disputes or pending motions in state court at the time of removal. This is often true when cases are removed and does not make removal improper, nor does it justify voluntary dismissal under Fed. R. Civ. P. 41(a)(2). Accordingly, the Court DENIES Plaintiffs' request for voluntary dismissal. In doing so, the Court offers no view on whether Plaintiffs are correct that state procedural law is more favorable to them than federal procedural law. On that issue, time will tell.

## III. CONCLUSION.

For reasons explained above, the Court DENIES Plaintiffs' Motion for Remand or Rule 41(a)(2) Dismissal Without Prejudice. (ECF 5.) The case will remain in federal court.

DATED this 28th day of August, 2026.

BY THE COURT:

STEPHEN H. LOCHER
UNITED STATES DISTRICT JUDGE