IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTIRCT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THE ESTATE OF MALGA HARUN YANGA by Co-Administrators HARUN YANGA MALGA and SARA NIMIR JACKA,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF IOWA; NICHOLAS KUIPER, D.O.; CHASE NEWTON, D.O.; RHONDA LANSER; KELLY BECK; DAVID TATE, Individually and in His Official Capacity; KATHLEEN FINDLEY, Individually and in Her Official Capacity; JONATHAN WOLBERT, Individually and in His Official Capacity; MARIA LOPEZ, Individually and in Her Official Capacity; CLAYTON HALBERSTADT, Individually and His Official Capacity,<br><br>Defendants. | Case No. 4:26-cv-00345-SHL-SBJ<br><br>STATE DEFENDANTS' BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS |

Defendants State of Iowa; Chase Newton, D.O. ("Dr. Newton"); Rhonda Lanser, n/k/a Rhonda Carpenter; Kelly Beck; David Tate; Kathleen Findley; Jonathan Wolbert; Maria Lopez; and Clayton Halberstadt (collectively "the State Defendants"), submit the following Brief in support of their Partial Motion to Dismiss pursuant to Local Rule 7(d).

## INTRODUCTION

Plaintiffs assert numerous state-law claims arising from the medical care Malga Yanga received before his death at Newton Correctional Facility, along with

deliberate-indifference claims under 42 U.S.C. § 1983 against five correctional officers. This motion addresses two discrete pleading issues that can be resolved as matters of law.

First, Plaintiffs cannot recover damages under section 1983 from David Tate, Kathleen Findley, Jonathon Wolbert, Maria Lopez, or Clayton Halberstadt in their official capacities. An official-capacity damages claim against a State employee is a claim against the State itself, and neither a State nor its officials acting in their official capacities are "persons" subject to damages liability under section 1983.

Second, Counts Two, Four, Six, Ten, and Twelve of the Second Amended Petition separately plead "Actual Malice" as a cause of action. Iowa does not recognize such a claim as a freestanding tort. Allegations of actual malice may bear on whether punitive damages or an exception to a damages cap are available on an otherwise-viable cause of action, but they do not create an additional claim.

The Court should dismiss those portions of the Second Amended Petition while leaving the parties to litigate the substantive claims on which relief could potentially be granted.

## BACKGROUND

Plaintiffs bring this action as co-administrators of the Estate of Malga Harun Yanga. They allege that Yanga became progressively ill while incarcerated at Newton Correctional Facility and that various medical and correctional employees failed to provide appropriate medical care before his death on September 4, 2024.

The operative Second Amended Petition asserts seventeen counts. As relevant here, Counts Two, Four, Six, Ten, and Twelve are separately captioned as claims for

"Actual Malice" against Rankin, Daniels, Arterburn, Lanser, and Beck, respectively. Counts Thirteen through Seventeen assert deliberate-indifference claims under 42 U.S.C. § 1983 against Tate, Findley, Wolbert, Lopez, and Halberstadt.

This Court has recognized Counts Thirteen through Seventeen as the federal deliberate-indifference claims that made the action removable. See doc. 8 at 2.

## LEGAL STANDARD

Rule 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court accepts well-pleaded factual allegations as true, but it need not accept legal conclusions or a plaintiff's characterization of allegations as establishing a legally cognizable cause of action. *Iqbal*, 556 U.S. at 678–79.

## ARGUMENT

### I. Counts Thirteen through Seventeen fail to state section 1983 damages claims against Defendants named in their official capacities.

Counts Thirteen through Seventeen assert deliberate-indifference claims under 42 U.S.C. § 1983 against Tate, Findley, Wolbert, Lopez, and Halberstadt. To the extent Plaintiffs seek damages from those Defendants in their official capacities, the claims fail as a matter of law.

An official-capacity action "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473

U.S. 159, 165–66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). The government entity, rather than the individual officer, is the real party in interest. *Id.* at 166.

For State employees, that rule forecloses section 1983 damages liability. In *Will v. Michigan Department of State Police*, the Supreme Court held that neither a State nor a State official sued for damages in an official capacity is a "person" within the meaning of section 1983. 491 U.S. 58, 64, 70–71 (1989).

The Eighth Circuit applied that principle in circumstances particularly relevant here. In *Kruger v. Nebraska*, Nebraska had removed the action to federal court, and the plaintiff argued that removal waived the State's Eleventh Amendment immunity. 820 F.3d 295, 301 (8th Cir. 2016). The court found it unnecessary to resolve the effect of removal. Even assuming waiver of Eleventh Amendment immunity, the official-capacity claims still failed because "claims against state officials in their official capacities are really suits against the state and a state is not a person for purposes of a claim for money damages under § 1983." *Id.* The court therefore affirmed dismissal of the official-capacity section 1983 damages claims. *Id.*

The same rule applies here. Tate, Findley, Wolbert, Lopez, and Halberstadt are alleged to have acted as employees of the State of Iowa within the scope of their employment. Pet. ¶ 17. 260626 D0025-1 First Amended Pe… An official-capacity damages claim against them is therefore a claim against the State, which is not a "person" subject to damages liability under section 1983.

Nor does the exception for prospective official-capacity relief preserve these

claims. *Will* recognizes that a state official sued in an official capacity for prospective injunctive relief may qualify as a "person" under section 1983. 491 U.S. at 71 n.10. But Plaintiffs allege a completed course of conduct culminating in Yanga's death on September 4, 2024. The Petition identifies no ongoing violation of Yanga's federal rights for which prospective official-capacity relief could provide a remedy.

The Court should therefore dismiss with prejudice Counts Thirteen through Seventeen to the extent they seek damages from Tate, Findley, Wolbert, Lopez, or Halberstadt in their official capacities. Their individual-capacity claims are unaffected by this portion of Defendants' motion.

**II. Counts Two, Four, Six, Ten, and Twelve fail because Iowa law does not recognize a freestanding cause of action for "Actual Malice".**

Five counts of Plaintiffs' Second Amended Petition are set out as separate causes of action for "Actual Malice": Count Two against Rankin,[1] Count Four against Daniels,[2] Count Six against Arterburn,[3] Count Ten against Lanser, and Count Twelve against Beck. The allegations in those counts assert that the respective Defendants acted with ill will, hatred, spite, or similar culpability toward Yanga. See, e.g., Pet. ¶¶ 109–13, 118–20, 125–27, 155–58, 165–69. But none of these Counts state an independent claim on which relief could be granted.

The Iowa Supreme Court most recently addressed this issue in *William &*

---

[1] Rankin was previously dismissed as a defendant and replaced by the State of Iowa, *see* doc. 7 at 3 n.2.

[2] Daniels was also previously dismissed and replaced as a defendant. *Id.*

[3] Arterburn was also previously dismissed and replaced as a defendant. *Id.*

*Mary Goche, LLC v. Kossuth County Board of Supervisors*. There, the plaintiffs brought claims for breach of fiduciary duty and sought punitive damages. 5 N.W.3d 650, 651 (Iowa 2024). After the claims were dismissed, on appeal, the plaintiffs abandoned the substantive claims and attempted to proceed on a standalone punitive-damages theory. *Id.*

The Iowa Supreme Court rejected the theory, explaining that punitive damages are "available to a plaintiff incidental to a recognized cause of action and not a freestanding cause of action." *Id.* at 864. The Court reiterated its longstanding rule that "punitive damages do not constitute a distinct 'cause of action.' Rather, they are a form of relief incidental to the main cause of action." *Id.* (quoting *In re Est. of Vajgrt*, 801 N.W.2d 570, 574 (Iowa 2011); citing also *Campbell v. Van Roekel*, 347 N.W.2d 406, 410 (Iowa 1984) (en banc) ("Punitive damages are merely incidental to the main cause of action."); *Pringle Tax Serv., Inc. v. Knoblauch*, 282 N.W.2d 151, 154 (Iowa 1979) ("Exemplary damages are awarded as punishment and as a deterrent to the wrongdoer and others. They are not recoverable as of right and are only incidental to the main cause of action."); *Sebastian v. Wood*, 246 Iowa 94, 66 N.W.2d 841, 844 (1954)).

Iowa Code section 668A.1 follows the same structure. It governs punitive or exemplary damages "[i]n a trial of a claim involving the request for punitive or exemplary damages" and asks whether "by a preponderance of clear, convincing, and satisfactory evidence, the conduct of the defendant from which the claim arose constituted willful and wanton disregard for the rights or safety of another." Iowa Code §

668A.1(1)(a). The statute regulates an additional form of damages associated with an underlying claim, but does not create a new substantive tort.

The labels "Actual Malice" on Counts Two, Four, Six, Ten, and Twelve do not change that result. Actual malice may be relevant to punitive damages or to elements of particular recognized causes of action—but only as a description of culpability or state of mind, not an independent tort untethered from a recognized cause of action.

That distinction does not require the Court to decide now whether Plaintiffs could ultimately establish an entitlement to punitive damages on any surviving underlying claim. If Iowa law otherwise permits punitive damages on such a claim and Plaintiffs prove the required facts, dismissal of the separately captioned "Actual Malice" counts does not prevent them from seeking the remedy available on that claim.

Plaintiffs cannot do is convert the punitive-damages-related allegation of malice into five additional substantive causes of action. Counts Two, Four, Six, Ten, and Twelve should be dismissed.

## CONCLUSION

For these reasons, the State Defendants respectfully request that the Court dismiss the following portions of Plaintiffs' Second Amended Petition with prejudice:

1. Counts Thirteen through Seventeen against Tate, Findley, Wolbert, Lopez, and Halberstadt in their official capacities; and
2. Counts Two, Four, Six, Ten, and Twelve.

Respectfully submitted,

BRENNA BIRD
Attorney General of Iowa

/s/ Nicholas J. Kilburg

NICHOLAS J. KILBURG
*Assistant Attorney General*

Office of the Attorney General of Iowa
1305 E. Walnut, Second Floor
Des Moines, Iowa 50319
515-281-5164
nicholas.kilburg@ag.iowa.gov
ATTORNEY FOR STATE DEFENDANTS

Copy to:

Molly Hamilton
Hamilton Law Firm, P.C.
molly@hamiltonlawfirmpc.com
ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2026, I filed the foregoing with the Clerk of Court, which will send notification of such filing electronically through the Court's ECF system to all counsel of record.

/s/ Nicholas J. Kilburg