IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| THE ESTATE OF MALGA HARUN YANGA By Co-Administrators HARUN YANGA MALGA and SARA NIMIR JACKA,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF IOWA, et al.,<br><br>Defendants. | Case No. 4:26-cv-00345-SHL-SBJ<br><br>STATE DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONTINUING DEPOSITIONS<br><br>(EXPEDITED RELIEF REQUESTED) |

Defendants State of Iowa; Nicholas Kuiper, D.O. ("Dr. Kuiper"); Chase Newton, D.O. ("Dr. Newton"); Rhonda Lanser, n/k/a Rhonda Carpenter; Kelly Beck; David Tate; Kathleen Findley; Jonathan Wolbert; Maria Lopez; and Clayton Halberstadt (collectively "the State Defendants") pursuant to Federal Rule of Civil Procedure 26(c) and the Court's inherent authority, respectfully move the Court for a protective order postponing depositions previously scheduled for the week of November 16, 2026. In support of this request, the State Defendants submit the following:

## I. The impending depositions and need for separate counsel

1. This action concerns the death of Malga Harun Yanga while incarcerated at Newton Correctional Facility. Plaintiffs assert state-law claims involving medical care and federal deliberate-indifference claims against correctional staff. *See* Second Amended Petition, ECF No. 1-1 at 101–144. The testimony of medical and correctional personnel concerns overlapping events and communications.

2. In early October 2026, Counsel agreed to a compressed schedule of sixteen depositions during the week of November 16, 2026.

3. During preparation for these examinations, the undersigned counsel determined that separate representation is necessary for certain individual defendants. Arrangements to secure counsel are underway but cannot reasonably be completed in time to permit the affected defendants to be adequately represented at the scheduled depositions.

4. New counsel must be able to review the pleadings and substantial investigative record, confer with their clients, assess the interests implicated by overlapping witness accounts, and prepare to participate in examinations. Proceeding now would risk fixing material testimony before that process occurs, resulting in substantial prejudice to the defendants. Because the noticed depositions are concentrated within four days and concern interrelated evidence, selectively proceeding with some examinations before new counsel can assess the full sequence would present the same risk.

5. The State Defendants seek a postponement, not cancellation of discovery. They do not request any present change to a court-imposed deadline, but will cooperate in reasonable adjustments if needed, including to the April 30, 2027 expert-disclosure deadline.

**II. Conferral and need for expedited relief**

6. On November 4, 2026, the undersigned notified Plaintiffs' counsel of the representation issue and offered to work cooperatively on replacement dates and reasonable adjustments to affected deadlines. Plaintiffs' counsel refused, despite acknowledging "a clear conflict with the health services staff". The complete correspondence is attached as Exhibit 1.

7. The undersigned attempted a personal conference by calling Plaintiffs' counsel's office at approximately 3:58 p.m. on November 4, but was advised that counsel would be out of the office for the remainder of the week, with no return call expected before Monday, November 9. In these circumstances a personal conference before the need for prompt relief could not be arranged. A declaration of counsel describing the attempts and disagreement is attached as Exhibit 2.

8. The morning after the email exchange and the undersigned's attempt to personally confer with Plaintiffs' counsel in good faith to narrow the issues, Plaintiffs' counsel served formal notices for the depositions. A copy of the combined notices is attached as Exhibit 3.

9. The first noticed deposition is November 16, only eleven days after service of the written notices. Expedited consideration is necessary to avoid needless preparation, travel, and scheduling expense and the risk of testimony taken before the affected defendants have appropriate representation. The State Defendants request a ruling before November 16, or an interim order suspending the depositions until the Court rules.

## III. Rule 26(c) permits a continuance to prevent undue prejudice

10. Rule 26(c)(1) authorizes a protective order for good cause, including an order "specifying terms, including time and place," for discovery. Fed. R. Civ. P. 26(c)(1)(B). The Court has broad discretion to fashion appropriate protection and balances the prejudice to the moving party against the hardship to the opponent. *Strobl v. Werner Enters., Inc.*, 577 F. Supp. 3d 960, 965 (S.D. Iowa 2022). The State Defendants request only a change in the timing of depositions.

11. The need is particular to this case. Plaintiffs' allegations implicate two groups of employees—medical staff and correctional personnel—whose accounts address the same worsening medical condition, requests for assistance, communications between units, and response. See ECF No. 1-1 at 101–144. Preparing each affected defendant requires new counsel to examine not only that client's account but also the evidence expected from other deponents. Counsel cannot accomplish this responsibly if depositions proceed before representation is in place.

12. The requirement of separate representation is not a litigation tactic to postpone unwanted testimony. Undersigned counsel reached the determination while preparing for the scheduled examinations; arranging replacement representation is underway. The Court need not decide whether any specific attorney-client conflict exists, or require disclosure of privileged communications, to recognize the practical prejudice that would result from proceeding before necessary counsel is retained and prepared. Plaintiffs' own counsel expressly recognized "a clear conflict with the health services staff," even as she opposed postponement. Ex. 2 at 1.

**IV. Postponing the entire four-day sequence is the sensible and proportionate remedy.**

13. Sixteen depositions have been compressed into the same week; numerous witnesses are likely to testify about the same interactions between medical and correctional personnel. Newly retained counsel should be able to evaluate and attend related examinations, make objections when appropriate, and assess follow-up discovery. Otherwise, the new lawyers may inherit a substantial deposition record they had no meaningful opportunity to develop or test. The requested continuance preserves

orderly, once-only examinations rather than creating disputes over re-opened depositions.

14. Plaintiffs will suffer a scheduling inconvenience as a result of the continuance of depositions, but not prejudice comparable to that of the defendants should the depositions proceed as scheduled. The Court's existing deadlines allow expert disclosures on April 30, 2027, discovery completion on August 20, 2027, and trial beginning February 14, 2028. The State Defendants have offered reasonable adjustments if genuinely needed—including the April 30, 2027 expert deadline if Plaintiffs demonstrate a consequential need. Ex. 2. Nothing in the requested order would automatically modify those court-imposed deadlines.

15. The State Defendants acknowledge the significance of an agreed deposition schedule. But an agreement to dates cannot sensibly require individual litigants to proceed without the necessary separate representation. The requested order will preserve the availability of all testimony while minimizing risk of avoidable prejudice and duplicative discovery. Rule 26(c)'s balancing therefore favors a brief, structured continuance.

## V. Information required by Local Rule 7(j)

16. The existing date or deadline sought to be continued or extended: Depositions currently set for November 16–19, 2026.

17. The new date or deadline requested: To be determined following the appearance of separate counsel and a reasonable opportunity for counsel to prepare. Because the timing of those appearances has not yet been established, the State Defendants cannot responsibly identify specific replacement dates at this time.

18. Whether the scheduled matter or deadline has been continued or extended previously: No.

19. All other existing court-imposed deadlines, and the date of any scheduled final pretrial conference and trial:

| *Deadline* | *Item* |
|---|---|
| November 23, 2026 | Motions to add parties and for leave to amend pleadings for claims not subject to an administrative process |
| April 30, 2027 | Plaintiff to designate expert witnesses and disclose reports |
| May 28, 2027 | Motions under Iowa Code § 668.11 |
| June 30, 2027 | Defendants to designate expert witnesses and disclose reports |
| July 30, 2027 | Plaintiffs to designate rebuttal expert witnesses and disclose reports |
| July 31, 2027 | Written discovery propounded |
| August 20, 2027 | Discovery completed |
| February 3, 2028, 11:00 a.m. | Final Pretrial Conference |
| February 14, 2028, 9:00 a.m. | Trial begins; estimated at 12 days |

For these reasons, the State Defendants respectfully request that the Court:

(1) continue the depositions noticed for November 16–19, 2026;

(2) direct counsel to confer on renewed deposition dates after separate counsel have appeared and had a reasonable opportunity to prepare;

(3) provide interim protection pending resolution of this motion if a ruling cannot issue before November 16; and

(4) grant the State Defendants further relief as appropriate.

Respectfully submitted,

BRENNA BIRD
Attorney General of Iowa

/s/ Nicholas J. Kilburg
NICHOLAS J. KILBURG
*Assistant Attorney General*

Office of the Attorney General of Iowa
1305 E. Walnut, Second Floor
Des Moines, Iowa 50319
515-281-5164
nicholas.kilburg@ag.iowa.gov
ATTORNEY FOR DEFENDANTS

Copy to:

Molly Hamilton
Hamilton Law Firm, P.C.
molly@hamiltonlawfirmpc.com
ATTORNEY FOR PLAINTIFFS

**Certificate of Service**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery via electronic filing on November 5, 2026.

/s/ *Nicholas J. Kilburg*