**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| THE ESTATE OF MALGA HARUN YANGA by Co-Administrators HARUN YANGA MALGA and SARA NIMIR JACKA,<br><br>Plaintiffs,<br>v.<br><br>STATE OF IOWA; NICHOLAS KUIPER, D.O.; CHASE NEWTON, D.O.; RONDA LANSER; KELLY BECK; DAVID TATE, individually and in his official capacity; KATHLEEN FINDLEY, individually and in her official capacity; JONATHAN WOLBERT, individually and his official capacity; MARIA LOPEZ, individually and in her official capacity; CLAYTON HALBERSTADT, individually and his official capacity,<br><br>Defendants. | * * * * * * * * * * * * * * * * * * * * * * * | CIVIL NO. 4:26-cv-00345-SHL-SBJ<br><br><br><br><br><br><br>**ORDER** |

This litigation was initiated by Plaintiffs, The Estate of Malga Harun Yanga by Co-Administrators Harun Yanga Malga and Sara Nimir Jacka, in November 2025 in Iowa state court. The case arose from the death of Malga Harun Yanga in September 2024 while an inmate at the Newton Correctional Facility in Newton, Iowa. Plaintiffs assert various claims against the State of Iowa and nurses, physicians, and correctional officers employed by the state.

On behalf of defendants State of Iowa, Chase Newton, D.O., Rhonda Carpenter f/k/a Rhonda Lanser, David Tate, Kathleen Findley, Jonathan Wolbert, Maria Lopez, and Clayton Halberstadt, an Assistant Attorney General of Iowa removed the action to this United States District Court for the Southern District of Iowa on August 17, 2026. Dkt. 1. After conducting a scheduling conference, this Court entered a Scheduling and Trial Setting Order (Dkt. 14) setting a

jury trial in February 2028 with certain deadlines for the case progression.

Three days after entry of the scheduling order, Plaintiffs filed a Motion to Compel Discovery Responses (Dkt. 19). Plaintiffs assert that certain responses to interrogatories and requests for production of documents served by Defendants prior to the case removal are deficient and contend materials listed on a privilege log are being improperly withheld by Defendants. Plaintiffs request that the Court compel Defendants to serve supplemental interrogatory answers and produce responsive materials pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) and assess sanctions against Defendants pursuant to Rules 37(b)(2)(A) (for not obeying a discovery order), 37(c)(1) (for failure to disclose or supplement), and 37(e) (for failure to preserve electronically stored information).

Defendants resist the motion, indicating they "have produced documents in rolling supplements, served a detailed privilege log, now updated that log with additional information, and answered truthfully where materials do not exist or are not in their possession." Dkt. 27 p. 2. It is further indicated that Defendants "are now producing . . . additional institutional video within their control." *Id.* p. 3. Defendants ask the Court, however, to resolve a dispute over whether certain materials are protected from discovery as "medical quality-review materials." *Id.* Defendants insist "there is no predicate for sanctions, let alone the extreme remedies Plaintiffs seek." *Id.*

In reply, Plaintiffs assert Defendants have not met their burden to show the materials being withheld are protected from discovery under an applicable privilege. Dkt. 28 ¶¶ 1-2. Plaintiffs also contend that "[r]esponsive electronically stored information has been deleted and/or lost, and Defendants' have misrepresented the status of this evidence to the Court." *Id.* ¶ 3. In a brief submitted separately from their reply, Plaintiffs reiterate at length that "[s]anctions are warranted

based upon discovery conduct and violation of a [state] court order." Dkt. 28-1 pp. 12-19.[1]

After submission of the briefing on the Motion to Compel Discovery Responses, the Iowa Assistant Attorney General filed a Motion for Protective Order Continuing Depositions (Dkt. 31) indicating that during preparation for upcoming scheduled depositions, "counsel determined that separate representation is necessary for certain individual defendants." *Id.* ¶ 3. Given such representation, the Court postponed the taking of depositions in this case, ordered Defendants to proceed expeditiously to obtain separate counsel as necessary, and directed the Iowa Assistant Attorney General to file a report within a week as to the status of those efforts. Dkt. 33. Counsel filed the report stating as follows:

> Potential substitute counsel has been identified for Defendants David Tate, Kathleen Findley, Jonathan Wolbert, Maria Lopez, and Clayton Halberstadt ("the Correctional Officer Defendants"). Prospective counsel has cleared conflicts, and the firm is reviewing the proposed engagement through its internal approval process.
>
> Professional considerations require the undersigned to withdraw from representing the remaining defendants; the Attorney General's Office is working to identify and retain substitute counsel for those defendants.

Dkt. 34 ¶¶ 1-2.

Based on this development, the Court, *sua sponte* and within its discretion, vacates the deadlines set forth in the Scheduling and Trial Setting Order (Dkt. 14) and removes the trial and final pretrial conference from the Court's calendars. Notably, none of those deadlines have passed,

---

[1] The Court notes Plaintiffs' 20 page reply violates Local Rule 7(g) which limits reply briefs to no more than 5 pages. This is the third occurrence of Plaintiffs' failure to comply with this Court's Local Rules. *See* Dkt. 18, 30. As repeatedly noted by the Eighth Circuit, a local rule "has the force of law and the parties are charged with knowledge of the district court's rules the same as with knowledge of the Federal Rules and all federal law." *Jetton v. McDonnell Douglas Corp.*, 121 F.3d 423, 426 (8th Cir. 1997) (internal citations omitted); *see also R.A.D. Servs. LLC v. State Farm Fire & Cas. Co.*, 60 F.4th 408, 412 (8th Cir. 2023) (citing *Jetton*, 121 F.3d at 426); *Magdy v. I.C. Sys., Inc.*, 47 F.4th 884, 890 (8th Cir. 2022) (same). In the interest of efficiency and avoiding delay, the Court has considered the substance of the reply brief but, as previously ordered, counsel must fully read and adhere to this Court's local rules as this case progresses. Dkt. 30.

and given the early stage of the proceedings in this Court, there is minimal prejudice to Plaintiffs. Moreover, the interests of justice, fairness and efficiency will be served by allowing sufficient time for the legal representation of each defendant to be obtained and an opportunity for new counsel to familiarize themselves with claims and defenses at issue and the historical progression of the case, including the discovery process which occurred while in state court. Fed. R. Civ. P. 1.

In that regard, for the most part, Plaintiffs' Motion to Compel Discovery Responses (Dkt. 19) is denied without prejudice. In the Court's view, and again in the interests of justice, fairness and efficiency, new counsel for defendants must have an opportunity to familiarize themselves with the current status of discovery matters. To that end, Plaintiffs' counsel and new counsel will need to confer in good faith on such matters, focusing on progressing discovery forward as opposed to disputes which arose from discovery requests served and responded to in state court. On that point, in the Court's view, the assessment of sanctions as requested by Plaintiffs within the motion and reply are not warranted, and such request is denied with prejudice.

A report must be filed by December 9, 2026, by any and all attorneys of record for defendants as of that date, as to the status of ascertaining new counsel for each named defendant. The process of setting a new schedule and trial date will begin once the Court is satisfied such legal representation is in place.

IT IS SO ORDERED.

Dated November 17, 2026.



Stephen B. Jackson, Jr.
Chief U.S. Magistrate Judge